### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Jackie Robinson, | |
| Plaintiff, | Case No. 22-cv-00889 |
| v. | Judge Mary M. Rowland |
| Illinois Department of Human Services d/b/a The Elisabeth Lundeman Center, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jackie Robinson brings this suit against Defendant Illinois Department of Human Services d/b/a The Elisabeth Lundeman Center for failure to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq*. Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated herein, Defendant's Motion to Dismiss [13] is granted.

### I.   Background

Plaintiff filed his initial complaint on February 17, 2022 alleging violations of the ADA, Title VII, and the Illinois Human Rights Act. *See generally* Dkt. 1. On April 15, 2022, Defendant moved to dismiss Plaintiff's complaint on several grounds including that Plaintiff failed to allege facts stating a claim for failure to accommodate under the ADA. *See* Dkt. 7 at 6-7. In response to Defendant's motion, Plaintiff filed the instant Amended Complaint, citing Rule 15(a)(1)(B), and alleging one count of failure to accommodate under the ADA. Dkt. 11. The Court denied the motion to dismiss as

moot and set a date for Defendant's new responsive pleading. Defendant now moves again to dismiss under Rule 12(b)(6).

The following factual allegations taken from the operative complaint (Dkt. 11) are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

In 2014, Plaintiff was diagnosed with hypertension and has been on blood pressure medication since then. Dkt. 11 at ¶ 9. Plaintiff's hypertension substantially limits the functioning of his circulatory system. *Id*. at ¶ 10. Without the ameliorative effects of his blood pressure medication, Plaintiff can suffer vision loss, heart attack, stroke, kidney disease and other conditions that would render him limited in daily life activities. *Id*.

On October 16, 2019, Defendant hired Plaintiff as a mental health technician. *Id*. at ¶ 11. He worked on a campus that housed residents. *Id*. at ¶ 13. The campus was arranged into approximately fifty separate houses with approximately eight to ten residents per house. *Id*.

In April of 2020, after the start of the pandemic, Defendant provided no guidance to mental health technicians like the Plaintiff on how to handle or interact with residents to protect the residents and the employees though multiple residents contracted COVID. *Id*. Defendant provided the same non-95 paper masks and face shields to mental health technicians as it did prior to the pandemic. *Id*. at ¶ 14. Defendant did not provide any other personal protective equipment ("PPE") or special training on how to handle COVID patients. *Id*.

2

Around late April 2020, Plaintiff spent 3 days in the hospital after he contracted COVID. *Id*. at ¶ 15. Plaintiff's doctor ordered him off work between April 26 and June 14, 2020. *Id*. at ¶ 16. Plaintiff's doctor's note advised that Plaintiff had developed pneumonia related to COVID as well as tachycardia, uncontrolled blood pressure and renal insufficiency. *Id*. at ¶ 17. On May 27, 2020, Plaintiff's doctor provided him a note that allowed him to return to work on June 14, 2020, with the following restrictions: "Work assignment should be given to avoid exposure with COVID-19 as Mr. Robinson has a pre-existing health condition which places him at greater risk of complications should he contract the virus." *Id*. at ¶ 18.

Before Plaintiff returned to work, he submitted a request for accommodation on June 9, 2020, that he be given a modified or alternative work assignment with limited contact with residents. *Id*. at ¶ 19. Plaintiff contends that he could have been given a reassignment to a vacant position that would not have presented an undue burden to Defendant. *Id*. at ¶ 20. He noted that other mental health technicians had been previously reassigned to full time positions involving food preparation and delivery. *Id*.

Plaintiff's request for accommodation was denied, and Defendant did not engage in an interactive process to determine whether an alternative accommodation could have been provided to limit Plaintiff's potential exposure to COVID-19. *Id*. at ¶ 21.

Plaintiff took an extended leave of absence as he attempted to get Defendant to reconsider its decision. *Id*. at ¶ 22. Plaintiff's extended leave ran out and his employment was terminated on August 4, 2020. *Id*. at ¶ 23.

3

Plaintiff claims that he is a qualified individual with a disability who could perform the essential functions of his job with an accommodation. *Id.* at ¶ 25. He alleges a reasonable accommodation in his case would not create undue hardship for his employer. *Id.* ¶ 26. Plaintiff alleges that Defendant violated the ADA by denying him a reasonable accommodation and failed to engage Plaintiff in an interactive process to determine whether any alternative accommodations could be granted to him. *Id.* at ¶ 27. As a result of Defendant's actions, Plaintiff says he has suffered financial harm and emotional distress and anxiety. *Id.* at ¶ 28.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere

4

labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.  Analysis

Plaintiff alleges that Defendant failed to provide him with a reasonable accommodation based on his disability. Defendant argues that: (1) Plaintiff is not a qualified individual, under the ADA, that is entitled to reasonable accommodations, (2) Defendant lacked knowledge of Plaintiff's stated disability, and (3) Plaintiff failed to identify an open position for which he was qualified.

As an initial matter, the Court notes that the Amended Complaint asserts that "Defendant fail[ed] to provide him with reasonable disability accommodations *and for discriminating against him on the basis of his disability*." Dkt. 11 at ¶ 1 (emphasis added). Defendant moved to dismiss Plaintiff's disability discrimination claim. In Plaintiff's response brief, he explained "[t]o be clear, in this lawsuit, the only claim Plaintiff is asserting is that Defendant failed to provide him with a reasonable accommodation under the ADA, not that he suffered an adverse employment action

on account of his hypertension." Dkt. 16 at 5. Therefore, the Court construes Plaintiff's complaint as alleging only failure to accommodate and dismisses any claim of discrimination.

### A. Failure to Accommodate

The ADA prohibits employers from discriminating against a "qualified individual on the basis of disability." *See* 42 U.S.C. § 12112(a). Under the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). Failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes discrimination under the ADA, unless the employer can demonstrate that the accommodation would impose an "undue hardship." *See* 42 U.S.C. § 12112(b)(5)(A); *see also Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018).

To state a failure to accommodate claim, the Plaintiff must allege that (1) he is a qualified individual with a disability; (2) Defendant was aware of the disability; and (3) Defendant failed to reasonably accommodate his disability. *See Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013) (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)).

First, the Court agrees with Plaintiff that he has adequately alleged that Defendant was aware of his disability. Dkt. 11 at ¶ 17–18. Requesting an accommodation "requires at most that the employee indicate to the employer that she

6

has a disability and desires an accommodation." *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 803 (7th Cir. 2005). "Where notice is ambiguous as to the precise nature of the disability or desired accommodation, but it is sufficient to notify the employer that the employee may have a disability that requires accommodation, the employer must ask for clarification." *Id.* at 804. Plaintiff alleges that he provided a doctor's note that permitted him to return to work following his treatment for complications arising from COVID-19, that informed, "… Mr. Robinson has a pre-existing health condition which places him at greater risk of complications should he contract the virus." Dkt. 11 at ¶ 18. He further alleges that on "June 9, 2020, Plaintiff submitted a request for accommodation that he be given a modified work or alternative work assignment with limited contact with residents." *Id.,* at ¶ 19.

Second, Plaintiff has adequately alleged that Defendant failed to provide reasonable accommodation. Dkt. 11 at ¶ 21. Plaintiff alleges that he submitted a request for accommodation that he be given a modified or alternative work assignment with limited contact with residents. *Id.* at ¶ 19. Defendant denied his request and subsequently failed to engage in an interactive process to determine whether an alternative accommodation could have been provided such as more robust PPE or development of a more robust protocol that would have limited Plaintiff's potential exposure to COVID-19. *Id.* at ¶ 21. Defendant's argument that a failure to engage in the interactive process is not actionable does not prevail at this stage of the proceedings.[1] Once an employee requests an accommodation "[a]n unreasonable

---

[1] Defendant cites *Ford v. Marion Cnty. Sherriff's Office*, 942 F.3d 839, 855 (7th Cir. 2019) for this proposition. However, *Ford* required plaintiff to show, at the summary judgment stage, that an

delay in providing an accommodation for an employee's known disability" can violate the duty to accommodate. *McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020).

However, turning to the first factor to state a failure to accommodate, the ADA defines the term "qualified individual" with a disability[2] to mean "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C. § 12111(8) (emphasis added); *see also Brumfield*, 735 F.3d at 631. A "worker has no claim under the ADA if she, even with a reasonable accommodation, cannot do the job for which she was hired." *DePaoli v. Abbott Lab'ys.*, 140 F.3d 668, 674 (7th Cir. 1998) (citing *Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1195 (7th Cir. 1997)).

Plaintiff states that he was employed as a mental health technician for over 6 months before he required an accommodation. Defendant contends that this contradicts Plaintiff's claim that he is entitled to an accommodation in the first place. "Because disability, unlike race, can often be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential

---

equivalent position for which she was qualified was vacant at the relevant time. The Court noted that the plaintiff's allegations that Defendant provided inadequate responses to his requests for accommodation did not satisfy the standard. This explanation in *Ford* is not relevant to the inquiry in this case.

[2] The Court agrees with Plaintiff that he has sufficiently alleged that his hypertension rendered him a qualified individual with a disability under the ADA. *See Gogos v. AMS Mechanical Sys. Inc.,* 737 F.3d 1170 (7th Cir. 2013) (finding plaintiff's hypertension, though mitigated by blood pressure medication, qualified as disability under the ADA as without the medication plaintiff's cardiovascular system would be substantially limited.)

functions of the job with or without reasonable accommodation." *Mack v. Chi. Transit Auth.,* No. 17 C 6908, 2020 WL 3414952, at *3 (N.D. Ill. June 22, 2020) (Tharp, J.). ("[I]n the ADA context, simply pleading that one is a qualified individual with a disability is 'precisely the type of conclusory, formulaic assertion that was disapproved of by *Twombly*.'").

Plaintiff argues that he "alleges that he performed his job satisfactorily [and] it is beyond dispute that Plaintiff performed the essential functions of his position prior to the Covid-19 pandemic and before he needed an accommodation." Dkt. 16 at 8. But he fails to allege in his complaint or explain in his brief what those functions were. Plaintiff's bare allegation that he was qualified to do the essential functions of his position with accommodation is not enough. He does not identify the essential functions of his job or *any* functions of his job other than its title and the facility where he worked. Dkt. 11 at ¶¶ 11, 13. Further, his brief fails to cite to any case law demonstrating that he has sufficiently alleged that he is a qualified individual with a disability.

In *Griffin-Thomas v. La Rabida Children's Hosp.*, No. 21-cv-02033, 2022 WL 103705 (N.D. Ill Jan. 11, 2022), the court held that the plaintiff failed to state an ADA failure to accommodate claim where she failed to allege what the essential functions of her position were. *See Lee v. Chi. Transit Auth.*, No. 12 C 9180, 2016 WL 6680843 (N.D. Ill. Nov. 14, 2016) (explaining that plaintiff failed to allege what his job duties were, which duties he could perform, or not perform, leaving the court to speculate as to essential functions of his job as transportation manager, whether he was qualified

to perform those functions with or without reasonable accommodation, and what such accommodation might be.); *Clark v. Evergreen Living & Rehab Ctr., LLC*, No. 20-cv-6596, 2021 WL 2915131 *6 (N.D. Ill July 12, 2021) (where Plaintiff alleged that she was "a qualified individual" and "was able to perform the essential functions of her job with or without accommodations", the court found the complaint "devoid of facts regarding the ability to perform the essential functions of [plaintiff's] job with or without a reasonable accommodation."). The amended complaint is devoid of the facts necessary to plausibly assert that Plaintiff was able to perform the essential functions of the job with or without an accommodation.

In sum, the amended complaint fails to adequately allege that Plaintiff was qualified to perform the essential functions of his job with or without a reasonable accommodation. Plaintiff's failure to accommodate claim therefore fails.

## IV.     Conclusion

For the stated reasons, Defendant's Motion to Dismiss [13] is granted. Plaintiff's claims are dismissed without prejudice. Plaintiff may file an amended complaint if he believes he can do so consistent with this opinion. Any amended complaint should be filed by December 16, 2022. If no amendment is filed, judgment shall enter.

E N T E R :

Dated: November 18, 2022

_____
MARY M. ROWLAND
United States District Judge