IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACKIE ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF HUMAN SERVICES d/b/a THE ELIZABETH LUNDEMAN CENTER,<br><br>Defendant. | Case No. 22-cv-00889<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jackie Robinson brings this suit against Defendant Illinois Department of Human Services ("IDHS" or "Defendant") d/b/a The Elisabeth Lundeman Center for failure to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq*. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated herein, Defendant's Motion to Dismiss [24] is denied.

**I. Background**

Plaintiff filed his initial complaint in this case on February 17, 2022, alleging violations of the ADA, Title VII, and the Illinois Human Rights Act. (Dkt. 1). In April 2022, Defendant moved to dismiss the complaint on several grounds including that Plaintiff failed to state a claim for failure to accommodate under the ADA. (Dkt. 7 at 6-7). In response, Plaintiff filed a First Amended Complaint, citing Rule 15(a)(1)(B), alleging only failure to accommodate under the ADA. (Dkt. 11). Defendant moved

1

again to dismiss. In its November 18, 2022 opinion, this Court granted Defendant's motion without prejudice and set a deadline for Plaintiff to file an amended complaint if he could do so consistent with the court's opinion. (Dkt. 18 (*Robinson v. Illinois Dept. of Human Servs.*, No. 22-cv-889, 2022 WL 17093390 (N.D. Ill. Nov. 18, 2022)) (hereinafter, "Order")). The Court concluded that Plaintiff plausibly alleged that IDHS was aware of his disability and that IDHS failed to reasonably accommodate him. *See* Order at *3. But, the Court explained, Plaintiff did not sufficiently allege the essential functions of his job in order to state a claim for failure to accommodate. *Id.* at 8-9. On December 30, 2022, Plaintiff filed a single-count Second Amended Complaint. (Dkt. 22 ("SAC")). Defendant now moves under Rule 12(b)(6) to dismiss the SAC.

This order assumes familiarity with the facts in this case as described in the Court's prior Order. Many of the relevant facts remain unchanged in the operative complaint. *Compare* (Dkt. 11) *with* (Dkt. 22).[1] However Plaintiff now includes the essential duties of his job as a mental health technician. *See* SAC ¶ 12.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank*

---

[1] Indeed according to Plaintiff, his "Second Amended Complaint is largely identical to his First Amended Complaint, except that in his Second Amended Complaint, he identified the essential functions of his position…" Dkt. 27 at 5.

*Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

III. Analysis

    A. Failure to Accommodate under the ADA

The ADA prohibits employers from discriminating against a "qualified individual on the basis of disability." *See* 42 U.S.C. § 12112(a). Under the ADA, a

3

disability is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). Failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes discrimination under the ADA, unless the employer can demonstrate that the accommodation would impose an "undue hardship." *See* 42 U.S.C. § 12112(b)(5)(A); *see also Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). To state a failure to accommodate claim, the Plaintiff must allege that (1) he is a qualified individual with a disability; (2) Defendant was aware of the disability; and (3) Defendant failed to reasonably accommodate his disability. *See Brumfield v. City of Chi.*, 735 F.3d 619, 631 (7th Cir. 2013) (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)).

The ADA defines the term "qualified individual" with a disability to mean "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "worker has no claim under the ADA if she, even with a reasonable accommodation, cannot do the job for which she was hired." *DePaoli v. Abbott Lab'ys.*, 140 F.3d 668, 674 (7th Cir. 1998) (citing *Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1195 (7th Cir. 1997)); *see also Mack v. Chi. Transit Auth.*, No. 17 C 6908, 2020 WL 3414952 at *3 (N.D. Ill. June 22, 2020) (holding that a bus driver who developed visual impairment was not plausibly a qualified individual under the ADA).

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must allege facts supporting the inference that they are qualified individuals, including what the essential functions of their job are and their disability is. *See Jackson v. City of Chicago*, 521 F. Supp. 2d 745, 748 (N.D. Ill. 2007); *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1173 (7th Cir. 2013) (holding that welder sufficiently alleged he was qualified by stating he had forty-five years of welding experience and one month of experience at job in question while possessing chronic condition). *See also* Order at 9-10 (collecting cases).

In its prior Order, the Court held that Plaintiff plausibly alleged that IDHS was aware of the disability and failed to reasonably accommodate him. *See* Order at *3. As most of the allegations in the SAC have not changed since the prior complaint, the only issue for the Court now is whether it can reasonably infer from the new allegations that Plaintiff is a qualified individual with a disability.

### B. Allegations in the Operative Complaint

Plaintiff alleges in the SAC that on October 16, 2019, Defendant hired him as a mental health technician. SAC at ¶ 11. Plaintiff claims that he is a qualified individual with a disability in that he could perform the essential functions of his job with an accommodation. *Id.* ¶ 27. Specifically, he alleges that:

> The essential job duties of a mental health technician included participating in providing active treatment for individuals with mental illness or developmental disabilities and caring for such individuals by providing or monitoring personal care services such as bathing, brushing teeth, toileting, dressing, and feeding, recording vital signs, and performing light housekeeping.

5

*Id.* ¶ 12. Defendant argues that the addition of this paragraph 12 does not support an inference that Plaintiff is a qualified individual. Specifically, Defendant contends that the essential functions of "active treatment" and "caring for" the residents are impossible to perform under the accommodation identified by Plaintiff—limiting contact with residents. (*See* Dkt. 25 at 4). Plaintiff responds that he retained his ability to perform the job and that his proposed accommodations – specifically, being provided with more robust personal protective equipment (PPE) or altering protocols – would have enabled him to work without an unjustifiable risk of injury. *See* SAC ¶¶ 13-15. To this, Defendant replies that no accommodation would have made it possible to comply with Plaintiff's doctor's note, which required him to "avoid exposure with COVID19." *See id.* ¶ 19.

However here, Plaintiff alleges that his physical ability to be a mental health technician was unchanged by his hospitalization; his reason for not returning to work was the high risk of injury that contracting COVID posed to him given his hypertension. *See* SAC ¶¶ 9, 19-24; *Gogos*, 737 F.3d at 1173; *cf. Mack*, 2020 WL 3414952 at *3. Plaintiff maintains that he could perform all of his essential job duties with an accommodation, "namely better PPE or at least some change in protocol and procedure to provide him better protection." (Dkt. 27 at 7). He asserts that the allegations in his complaint do not suggest that he "would still be unable to perform any of the essential functions of his position if such precautions had been made as an accommodation." *Id.*

Indeed, the ADA requires only a reasonable accommodation which would enable a plaintiff to continue working. *See Brumfield*, 735 F.3d at 633 (citing *Vande Zande v. Wis. Dep't of Admin.,* 44 F.3d 538, 542 (7th Cir. 1995) ("To 'accommodate' a disability is to make some change that will enable the disabled person to work.")). The Court already determined that providing additional PPE or altering protocols related to COVID-19 were potentially reasonable accommodations for IDHS to provide. *See* Order at 7. The Court can reasonably infer from the SAC that protocols could have reduced Plaintiff's risk of exposure and injury, bringing the risk in line with that faced by other qualified employees.[2]

Reading the complaint as a whole and taking reasonable inferences in favor of Plaintiff as the Court must at this stage (*see Lax*, 20 F.4th at 1181), the Court finds that Plaintiff has plausibly alleged that he was able to perform the essential functions of a mental health technician with reasonable accommodation.[3] Through discovery this may turn out not to be true, but that is a question for another day.

IV. **Conclusion**

---

[2] Defendant relies on, for example, *Griffin-Thomas v. La Rabida Children's Hosp.*, No. 21-CV-02033, 2022 WL 103705 (N.D. Ill. Jan. 11, 2022); *Clark v. Evergreen Living & Rehab Ctr., LLC*, No. 20 cv 6596, 2021 WL 2915131 (N.D. Ill. July 12, 2021). However, these cases are distinguishable as Plaintiff has alleged the essential functions of his job and that he is able to perform them with a reasonable accommodation.

[3] Defendant further argues that Plaintiff has not sufficiently alleged his position that IDHS could have moved him to a different position, given that Plaintiff (1) does not explicitly state that any position was available or (2) that he was qualified to fulfill alternate roles. The Court need not address this argument as the Court has ruled that Plaintiff has adequately alleged that Defendant failed to provide reasonable accommodation. *See* Order at 7.

For the stated reasons, Defendant's Motion to Dismiss [24] is denied. Defendant should file an answer to Plaintiff's Second Amended Complaint by September 11, 2023. Parties are required to file a renewed joint initials tatus report by September 27, 2023.

E N T E R:

Dated: August 14, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge